**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**Norman J. MOORE; Rodney Hewlett, Defendants–Appellees.**

**No. 93–6955.**

United States Court of Appeals, Eleventh Circuit.

Dec. 27, 1994.

As Amended Jan. 27, 1995.

Bill L. Barnett, James R. Sturdivant, Asst. U.S. Attys., Birmingham, AL, for appellant.

Richard A. Kempaner, Huntsville, AL, for Norman J. Moore.

Andrew Mantler, Huntsville, AL, for Rodney Hewlett.

## CORRECTED OPINION

Before HATCHETT and ANDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

HATCHETT, Circuit Judge:

The United States appeals the district court's grant of a judgment of acquittal as to two counts of an indictment on the ground that the Double Jeopardy Clause of the Fifth Amendment bars simultaneous prosecutions under 18 U.S.C. § 924(c)(1) (use of a firearm during a crime of violence) and 18 U.S.C. § 2119 (federal armed "carjacking"), 832 F.Supp. 335. Although we agree with the district court that the elements of section 924(c)(1) fully overlap the elements of section 2119, we conclude that Congress clearly indicated its intent that defendants be subjected to multiple punishments under the two statutes. Consequently, we vacate the judgments of acquittal and remand the case to the district court for sentencing.[1]

## FACTS

In July, 1993, a federal grand jury for the Northern District of Alabama returned a five count indictment against Norman J. Moore, Rodney Hewlett, and Carlos Tiller. Count I charged all three men with conspiracy to commit carjacking, in violation of 18 U.S.C. § 371. Count II charged Moore and Hewlett with carjacking, in violation of 18 U.S.C. § 2119. Count III charged Moore and Hewlett with using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Count IV charged Moore, Hewlett and Tiller with carjacking, in violation of 18 U.S.C. § 2119. Count V charged Moore, Hewlett, and Tiller with using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Prior to trial, Tiller pleaded guilty.

Moore and Hewlett filed pretrial motions to dismiss Counts III and V of the indictment. They challenged, on double jeopardy grounds, the right of the United States to charge them in Counts II and IV of the indictment with violations of 18 U.S.C. § 2119 and in Counts III and V with violations of 18 U.S.C. § 924(c)(1), adopting and repeating the acts charged in Counts II and IV. The district court declined to rule on the motions prior to trial.

The jury returned guilty verdicts against Moore and Hewlett on all five counts. Following the jury's verdict, the district court, treating the earlier filed motions as post-conviction motions, vacated and set aside the jury's verdict as to Counts III and V, and entered a judgment of acquittal as to those counts. The district court found that the essential elements of the crime under section 924(c)(1) are identical to those in section 2119, and therefore held that cumulatively punishing Moore and Hewlett under the two statutes was a violation of the Fifth Amendment's Double Jeopardy Clause.

## ISSUE

The sole issue presented in this appeal is whether charging a defendant for the same

1. While this case was pending, another panel of this court in *United States v. Martin,* 38 F.3d 534 (11th Cir.1994) held that the Double Jeopardy Clause did not bar simultaneous prosecutions under 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2119.

acts or occurrences under both 18 U.S.C. § 2119 and 18 U.S.C. § 924(c)(1) violates the Double Jeopardy Clause of the Fifth Amendment.

## DISCUSSION

■ A district court's double jeopardy ruling raises a question of law which this court reviews *de novo*. *United States v. Baptista–Rodriguez*, 17 F.3d 1354, 1360 (11th Cir.1994). The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has consistently interpreted this provision "to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Missouri v. Hunter*, 459 U.S. 359, 365, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983) (citations omitted). The Double Jeopardy Clause provides three basic protections: it protects against a second prosecution for the same offense after acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984) (citations omitted). This case implicates the third of these basic protections.

■ The protection against cumulative punishments serves two purposes: it ensures that the sentencing discretion of courts is confined to the limits established by the legislature, and preserves the exclusive power of the legislature to prescribe crimes and determine punishments. *Johnson*, 467 U.S. at 499, 104 S.Ct. at 2540–41. Therefore, the question of whether punishments are multiple under the Double Jeopardy Clause, "is essentially one of legislative intent." *Johnson*, 467 U.S. at 499, 104 S.Ct. at 2541. If the statutes under which the defendant has been convicted specifically authorize cumulative punishments for the same offense, a court may impose cumulative punishment without violating the Double Jeopardy Clause. *Hunter*, 459 U.S. at 368, 103 S.Ct. at 679.

■ In this case, a defendant's single act constituted a violation of two distinct statutory provisions. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court established the test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishments:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182. The test embodies a presumption that Congress ordinarily does not intend to punish the same offense under two different statutes. *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980). The two statutory offenses need not be identical to constitute the same offense for double jeopardy purposes. *Brown v. Ohio*, 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Rather, the proper focus is on the statutory elements of the two crimes. *Brown*, 432 U.S. at 166, 97 S.Ct. at 2225–26. If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied despite any overlap in the proof necessary to establish the crimes. *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293–94 n. 17, 43 L.Ed.2d 616 (1975). With these well established principles of double jeopardy in mind, we turn now to an analysis of the applicable statutory provisions.

Title 18 U.S.C. § 924(c) provides in pertinent part:

> (1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of vio-

lence or drug trafficking crime, be sentenced to imprisonment for five years. . . .

. . . .

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The relevant portions of section 924(c) require proof of two elements: the defendant (1) use[d] or carri[ed] a firearm (2) during and in relation to a crime of violence. *Smith v. United States*, — U.S. —, —, 113 S.Ct. 2050, 2053, 124 L.Ed.2d 138, 147 (1993); *United States v. Poole*, 878 F.2d 1389, 1393 (11th Cir.1989).

Title 18 U.S.C. § 2119 provides:

§ 2119. Motor vehicles

Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

Section 2119 requires proof of four elements to convict: the defendant (1) while possessing a firearm (2) takes from the person or presence of another (3) through force and violence or intimidation (4) a motor vehicle which had moved in interstate or foreign commerce. *See United States v. Singleton*, 16 F.3d 1419, 1422 (5th Cir.1994).

The district court found that the essential elements of the crime section 924(c)(1) created are the same as the essential elements of the crime charged in section 2119. We agree.

■■■ The carjacking statute is violated "only when the defendant has a gun." *Singleton*, 16 F.3d at 1423. Section 924(c)(1) requires the defendant to us[e] or carr[y] a firearm, while section 2119 requires the defendant to possess a firearm. In light of the Supreme Court's recent decision broadly interpreting the "use" or "carry" provision of section 924(c), we forego any attempt to reconcile "possess" as used in section 2119 with "uses" or "carries" as those words are used in section 924(c)(1).[2] We agree with the Fifth Circuit's opinion in *Singleton* that "any defendant who possesses a firearm within the meaning of section 2119 necessarily uses or carries it as defined in § 924(c)(1)." 16 F.3d at 1423 (internal quotations omitted).[3]

■■■ The term "crime of violence" as Congress defined it in 18 U.S.C. § 924(c)(3) clearly includes carjacking. "Tak[ing] or attempt[ing] to take by force and violence or by intimidation," 18 U.S.C. § 2119, encom-

---

**2.** The Court, in holding that a defendant's attempt to barter a gun in return for narcotics constitutes "use" within the meaning of 18 U.S.C. § 924(c)(1), noted that the [statute's] "language sweeps broadly." *Smith v. United States*, — U.S. —, —, 113 S.Ct. 2050, 2054, 124 L.Ed.2d 138, 148 (1993).

**3.** This is an appropriate juncture at which to delineate the extent of our reliance on *Singleton*. We adopt the essential holding of that case that the Double Jeopardy Clause does not bar cumulatively punishing a defendant who, in the same criminal proceeding, is charged with violating both sections 2119 and 924(c)(1). We express no

opinion, however, concerning the *Singleton* court's assertion that section 2119 does not authorize conviction upon a showing of "mere possession" of a firearm. The court in that case thought it necessary to address this issue in order to respond to an argument the government raised. 16 F.3d at 1423 n. 18.

We realize, however, that in finding that a defendant who "possesses" a firearm under section 2119 always "uses" or "carries" a firearm under section 924(c)(1), we necessarily define, in some sense, the contours of "possesses" under section 2119. Resolution of this case does not depend on precisely defining those contours; therefore, we decline to do so.

passes "the use, attempted use, or threatened use of physical force...." 18 U.S.C. § 924(c)(3)(A). Moreover, the defendant need not have engaged in actual violence in order for the predicate offense to be a crime of violence under section 924(c)(1). The offense is a crime of violence if it "by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *see also Singleton,* 16 F.3d at 1423 (noting that carjacking is always and without exception a crime of violence as that term is defined in 18 U.S.C. § 924(c)(3)).

▆ We also agree with the Fifth Circuit's conclusion that the defendant's possession of a firearm must be "in relation to" the carjacking. *Singleton,* 16 F.3d at 1424–1425. The statutes, therefore, fail the *Blockburger* test: when the prosecution satisfies the four elements necessary to establish a violation of section 2119, it necessarily proves all the elements of section 924(c).

▆ The *Blockburger* test, however, is a rule of statutory construction and is not controlling when Congress clearly indicates, on the face of the statute or through legislative history, an intent to impose cumulative punishments. *Garrett v. United States,* 471 U.S. 773, 779, 105 S.Ct. 2407, 2411–12, 85 L.Ed.2d 764 (1985). Because the two statutes define the same offense for purposes of the *Blockburger* test, unless Congress clearly indicated an intent to cumulatively punish violations of sections 2119 and 924(c), the imposition of cumulative punishments is prohibited.

▆ We conclude, as did the Fifth Circuit in *Singleton,* that the explicit language of section 924(c) clearly indicates that Congress intended to cumulatively punish violations of sections 2119 and 924(c). Section 924(c)(1) provides, in pertinent part:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug traf-

ficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, *in addition to the punishment provided for such crime of violence or drug trafficking crime,* be sentenced to imprisonment for five years,....

18 U.S.C. § 924(c)(1) (emphasis added). The underlined portion of the text of the statute clearly indicates Congress' intent to impose a five year sentence in addition to the sentence provided in the predicate offense. Therefore, cumulatively punishing violations of sections 2119 and 924(c) does not violate the Double Jeopardy Clause.

▆ Section 2119 was enacted in 1992, eight years after the last substantive amendment of section 924(c). Both the district court and Moore and Hewlett point to the fact that section 2119 does not mention section 924(c) as proof that Congress did not intend to cumulatively punish violations of both statutes. But, the legislative history of the 1984 amendments to 18 U.S.C. § 924(c) states that Congress intended to impose a "mandatory, determinate sentence for a person who uses or carries a firearm during and in relation to *any* Federal 'crime of violence.'" S.Rep. No. 225, 98th Cong., 2d Sess. 313, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3491 (emphasis added).[4] We believe the legislative history indicates Congress intended to make section 924(c) applicable to all crimes of violence, including those enacted after section 924(c) was amended in 1984. We do not believe Congress is required to expressly authorize cumulative punishment in every later-enacted statute, when it has already done so in section 924(c). When, as in this case, Congress makes, on the face of a statute, a clear expression of its intent, courts should not require it to specifically address each issue of statutory construction which may subsequently arise. *See Albernaz*

4. Section 942(c) was amended in response to the Supreme Court's decisions in *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). *Simpson* and *Busic* struck down section 924(c)'s application to prosecutions in which the predicate of-

fense already contained enhanced sentences for firearm use. The 1984 amendment of section 924(c) was designed, in part, to overturn those two Supreme Court decisions. S.Rep. No. 225, 98th Cong., 2d Sess, 312–314 *reprinted in* 1984 U.S.C.C.A.N. 3182, 3490–3492.

*v. United States*, 450 U.S. 333, 341, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981).

## CONCLUSION

Accordingly, we hold that the Double Jeopardy Clause does not bar the imposition of cumulative punishments for violating sections 924(c) and 2119 of Title 18. Therefore, we VACATE the district court's entry of judgment of acquittal as to Counts III and V of the indictment, and REMAND to the district court for sentencing.