[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2007
THOMAS K. KAHN
CLERK

No. 06-15904
Non-Argument Calendar

_____

D. C. Docket No. 05-00128-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER LASHAWN BOHANNON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 18, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Alexander Lashawn Bohannon appeals his convictions for

carjacking, in violation of 18 U.S.C. § 2119, and using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c), and his resulting consecutive life sentences. Bohannon argues on appeal that, in light of *Holloway v. United States*, 526 U.S. 1, 119 S. Ct. 966, 143 L. Ed. 2d 1 (1999), there was insufficient evidence to allow a reasonable jury to conclude that he intended to take the car when the victim was shot, and that taking the victim's car was a mere afterthought. Bohannon therefore argues also that the evidence was insufficient to convict him of carjacking and using a firearm during a carjacking.

Bohannon next argues that his consecutive sentences of life imprisonment are unreasonable. Specifically, he argues that his sentence is unreasonable because the second life sentence amounts to a variance that is well above the 25-year sentence set forth in the guidelines for violating § 924(c).

We review a challenge to the sufficiency of the evidence *de novo*. *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004). When reviewing the sufficiency of the evidence, the inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In so doing, we resolve all reasonable inferences and credibility choices in favor of the

2

jury's verdict. *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). Moreover, as long as the testimony is not incredible as a matter of law, we must accept the jury's conclusions. *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997).

"In order to be convicted of carjacking under 18 U.S.C. § 2119, the government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." *United States v. Diaz*, 248 F.3d 1065, 1096 (11th Cir. 2001). The required *mens rea* element for carjacking was later clarified by the Supreme Court in *Holloway v. United States*, 526 U.S. 1, 119 S. Ct. 966, 143 L. Ed. 2d 1 (1999): "The intent requirement of [18 U.S.C. §] 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile[,] the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car[.]" *Id.* at 12, 119 S. Ct. at 972. "The defendant's intent is to be judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude." *United States v. Fulford*, 267 F.3d 1241, 1244 (11th Cir. 2001).

We have also held that "any defendant who possesses a firearm within the meaning of section 2119 necessarily uses or carries it as defined in § 924(c)(1)." *United States v. Moore*, 43 F.3d 568, 572 (11th Cir. 1994) (internal quotation and citation omitted). Therefore, if sufficient evidence supports a conviction for carjacking, it necessarily follows that sufficient evidence supports a conviction for possessing a firearm. *See id.*

Here, the record demonstrates that there was sufficient evidence for a reasonable jury to conclude that Bohannon intended to harm the victim if necessary to steal his car. Although Bohannon argues that the victim was not in the car, the testimony of two witnesses placed the victim in or near the car when the struggle between the victim and Bohannon began. The jury could have reasonably inferred that the victim was in the car when the struggle began. *See Rodriguez*, 218 F.3d at 1244. Bohannon's argument that he essentially intended to rob the victim, and that he took the car as a mere afterthought, fails. First, even if a robbery had been the primary objective, it does not automatically render the taking of the car as an afterthought. The car could have been an integral part of the robbery as a necessary means of escape. *See Diaz*, 248 F.3d at 1096 (noting that gaining control of the victim's car was an essential element in an extortion scheme and not a mere afterthought). Second, Bohannon's previous conviction for carjacking that

4

was introduced at trial also supports the finding of intent. Third, Bohannon's suggestion that the victim's previous drug conviction supported the conclusion that Bohannon's intent was to rob the victim for his drug proceeds is without merit because Bohannon presented no evidence that the victim had possession of any drugs or cash at the time of the shooting. Fourth, Bohannon's reliance on a witness's testimony that she anticipated a robbery is misplaced because the witness admitted that she could not hear the verbal exchange between Bohannon and the victim, and only saw them fighting. The witness's characterization of the incident as a robbery is not dispositive. Fifth, the victim's statement to Bohannon that he did not have anything supports the conclusion that the victim did not realize Bohannon wanted the car, but it does not necessitate the conclusion that Bohannon merely intended to rob the victim, as opposed to harming him in order to take the car. Finally, quickly disposing of the car does nothing to negate Bohannon's intent to harm the victim, because the jury could have inferred that it showed Bohannon realized he needed to seek medical attention and create an alibi. *See Rodriguez*, 218 F.3d at 1244. Based on the foregoing, a rational juror could have found beyond a reasonable doubt that Bohannon intended to harm the victim in order to take the car. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Moreover, since there is sufficient evidence to support Bohannon's

5

conviction for carjacking, it necessarily follows that there is sufficient evidence to support Bohannon's conviction for using a firearm during a carjacking. *See Moore*, 43 F.3d at 572.

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), requires us to review final sentences for reasonableness in light of the factors listed in 18 U.S.C. § 3553(a). *Id.* at 261, 125 S. Ct. at 765-66. When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. *United States v. Williams*, 456 F.3d 1353, 1360-61 (11th Cir. 2006), *petition for cert. filed*, (U.S. Oct. 19, 2006) (No. 06-7352).

Unreasonableness may be procedural or substantive. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow *Booker's* requirements, regardless of the actual sentence." *Id.* Moreover, a sentence may be procedurally unreasonable if the district court failed to consider the relevant § 3553(a) factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of

sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The district court is not required to discuss each § 3553(a) factor. *Id.* "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.*

A sentence "may be substantively unreasonable, regardless of the procedure used." *Hunt*, 459 F.3d at 1182 n.3. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Williams*, 456 F.3d at 1363. "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Talley*, 431 F.3d at 788. Although a sentence within the guideline range is not *per se* reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 787-88. "[A]fter a district court correctly calculates the Guidelines

7

range . . . it may consider imposing a more severe or more lenient sentence."

*United States v. McVay*, 447 F.3d 1348, 1353 (11th Cir. 2006).

Additionally, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 456 F.3d at 1363. We will not substitute our judgment in weighing the relevant factors. *Id.* "[The] district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence." *United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006).

An extraordinary departure from the Guidelines range, based on the § 3553(a) factors, must be supported by extraordinary circumstances. *McVay*, 447 F.3d at 1357. The maximum allowable sentence is the sentence established by statute, not the sentence established by the sentencing guidelines. *See United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005) (recognizing that the statutory maximum sentence, not the guideline sentence, is the maximum sentence permitted by law).

It is unclear whether Bohannon challenges his sentence as either procedurally or substantively unreasonable. Nevertheless, his sentence is both

8

substantively and procedurally reasonable. As for being procedurally reasonable, the record shows that the district court correctly calculated the guideline range and adequately and properly considered the § 3553(a) factors. Bohannon does not dispute that the district court correctly computed the guideline range to be life for the carjacking, plus a consecutive 25-year sentence for the firearm conviction. Second, the district court stated that it had considered all of the 3553(a) factors in determining Bohannon's sentence. The district court's statements were sufficient to show that it had considered the § 3553(a) factors, and the district court was not required to separately address each § 3553(a) factor. *See Talley*, 431 F.3d at 786. Since the district court correctly computed the guidelines range and considered all the § 3553(a) factors, Bohannon's sentence is procedurally reasonable.

Moreover, Bohannon's consecutive second life sentence is substantively reasonable because it does not illustrate clear error of judgment in the district court's weighing of the § 3553(a) factors. *See Williams*, 456 F.3d at 1363. The district court discussed Bohannon's violent history and noted his previous conviction of carjacking and his injuring a prison guard to the point the guard was permanently disabled. The district court accepted Bohannon's retardation, and it considered the opinion of Bohannon's expert that any rehabilitation would be undone if he returned to his previous environment. The district court noted that it

9

was in a unique position, since it had sat through Bohannon's two trials for two separate carjackings. The district court noted also that Bohannon was wanted for a separate carjacking when he committed the instant carjacking, and that this conduct showed a continued disrespect for the law. The district court concluded that Bohannon had an "absolute disregard for human life." The district court explained that it had to fashion a sentence that would reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public. The district court concluded that the proper sentence necessary to protect the public and provide just punishment was two consecutive life sentences. Bohannon also does not prevail on his argument that the court failed to give proper weight to his history and characteristics, as we will not substitute our judgment in weighing the relevant factors. *See Williams*, 456 F.3d at 1363. Based on the district court's judgment in weighing of the § 3553(a) factors, Bohannon's consecutive second life sentence is substantively reasonable.

Finally, extraordinary circumstances can merit an extraordinary variance, and Bohannon's lengthy and significant violent criminal history merited his second consecutive life sentence. *See McVay*, 447 F.3d at 1357.

For the above-stated reasons, we affirm Bohannon's convictions and sentences.

10

**AFFIRMED.**