[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11741
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00526-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN JOHN FOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 27, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Glenn John Fox appeals his conviction for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), as well as the total 120-month sentence of imprisonment he received after pleading guilty to that offense and to bank robbery, in violation of 18 U.S.C. § 2113(a). He argues, for the first time on appeal, that his conviction for brandishing a firearm during a crime of violence should be vacated because, after *Johnson v. United States (Samuel Johnson)*, 576 U.S. ___, 135 S. Ct. 2551 (2015), bank robbery is not a "crime of violence" that can support the conviction. He also challenges the procedural and substantive reasonableness of his sentence, claiming that the district court erred in considering rehabilitation when imposing a term of imprisonment and that his sentence was substantively unreasonable in light of his age and lack of criminal history. After careful review, we affirm.

## I.

Fox contends that the Supreme Court's recent decision in *Samuel Johnson* invalidated 18 U.S.C. § 924(c)(3)(B), one of two provisions defining what is a "crime of violence" for purposes of § 924(c)(1)(A) (criminalizing possession of a firearm during and in relation to, or in furtherance of, a crime of violence). According to Fox, § 924(c)(3)(B)'s definition of "crime of violence" is unconstitutionally vague for the same reasons the Court in *Samuel Johnson* held the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e), unconstitutionally vague.  He also argues that bank robbery does not qualify under § 924(c)'s other definition of "crime of violence" because it does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

We generally review constitutional challenges to a statute *de novo*.  *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009).  Arguments raised for the first time on appeal in a criminal case, however, are reviewed for plain error only.  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  "To find plain error, there must be: (1) error, (2) that is plain, and (3) that has affected the defendant's substantial rights."  *United States v. Hesser*, 800 F.3d 1310, 1324 (11th Cir. 2015) (quoting other sources).  If those three conditions are met, we may exercise our discretion to correct the error, "but only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).  Because Fox did not raise his arguments to the district court, we review for plain error.

"An error is plain if it is obvious and clear under current law[,]" *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006), which is determined at the time the case is reviewed on appeal, *United States v. Pantle*, 637 F.3d 1172, 1175 (11th Cir. 2011).  The threshold for establishing a "plain" error is high.  Unless the explicit language of a statute or rule specifically resolves an issue, there can be no

3

plain error without precedent from the Supreme Court or this Court directly resolving the issue. *Hesser*, 800 F.3d at 1325.

Fox was convicted of violating § 924(c), which states, in relevant part, that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence[,]" be sentenced to a consecutive term of imprisonment of not less than five years.   18 U.S.C. § 924(c)(1)(A)(i).    If the firearm was brandished, the consecutive term of imprisonment must be not less than seven years. *Id.* § 924(c)(1)(A)(ii).

The statute defines a "crime of violence" as a felony that

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

Fox compares subsection (B) above to the ACCA's "residual clause," one of three ways a prior conviction could qualify as a "violent felony" for purposes of enhancing a defendant's sentence under the ACCA.[1]  The residual clause provided

---

[1] The other two ways are the "elements clause" (a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), and the "enumerated crimes clause" (a felony that "is burglary, arson, or extortion, [or] involves use of explosives"). *See* 18 U.S.C. § 924(e)(2)(B).

that an offense was a violent felony if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Supreme Court in *Samuel Johnson* held the residual clause unconstitutionally vague because it creates uncertainty about (1) how to evaluate the risks posed by the crime in an abstract "ordinary case," instead of based on concrete factors or statutory elements, and (2) how much risk it takes to qualify as a violent felony. 135 S. Ct. at 2557-58. The Court explained that the residual clause forced courts to interpret the requisite degree of risk in light of the enumerated crimes, which were "far from clear in respect to the degree of risk each posed." *Id.* at 2558. The Court also observed that the vagueness of the residual clause was confirmed by the Court's own repeated failed attempts to craft a principled and objective standard out of the residual clause, as well as the fact that the clause proved nearly impossible to apply consistently in the lower courts. *Id.* at 2558-60.

Here, Fox has not shown plain error for two main reasons.[2]  First, *Samuel Johnson* did not expressly invalidate the crime-of-violence definition in § 924(c)(3)(B) or even broadly condemn criminal laws using risk-based terms. *See*

---

[2] We emphasize that, in this appeal, the issue of whether, upon *de novo* review, § 924(c)(3)(B)'s definition of "crime of violence" is unconstitutionally vague, in violation of *Samuel Johnson*'s reasoning, is not before us. Therefore, we expressly do not opine on that issue here.

135 S. Ct. at 2561. Nor is it clear that *Samuel Johnson*'s reasoning regarding the ACCA's residual clause applies with equal force to § 924(c)(3)(B). Section 924(c)(3)(B)'s definition of crime of violence may require gauging the riskiness of conduct by reference "to an idealized ordinary case of the crime," *see United States v. Keelan*, 786 F.3d 865, 871 (11th Cir. 2015) (holding that an identical definition of crime of violence in 18 U.S.C. § 16(b) is subject to the "ordinary case" analysis when evaluating the riskiness of conduct), but it does not "link[] a phrase such as 'substantial risk' to a confusing list of examples," as the residual clause does, *see Samuel Johnson*, 135 S. Ct. at 2561. In addition, Fox has not shown that § 924(c)(3)(B) has been subject to the same kind of uncertainty in application as the residual clause. *See Samuel Johnson*, 135 S. Ct. at 2559-60. There may be other relevant differences as well, but it is enough to note that the two provisions are not identical in language or application. Therefore, it is not clear or obvious that *Samuel Johnson* invalidated § 924(c)(3)(B).

Second, Fox has not shown that bank robbery under § 2113 plainly does not qualify under § 924(c)(3)'s other definition of the term "crime of violence"—a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Section 2113(a) provides that bank robbery must be committed "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). "Under section 2113(a),

6

intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) (internal quotation marks omitted).

We have not expressly held that bank robbery under § 2113(a) qualifies as a crime of violence as defined by § 924(c)(3)(A), but our precedent supports the government's position that it does qualify. *See, e.g.*, *United States v. Lockley*, 632 F.3d 1238, 1244-45 (11th Cir. 2011) (holding that a Florida robbery statute with a similar intimidation element categorically qualified as a crime of violence under the Sentencing Guidelines because it had as an element the use, attempted use, or threatened use of physical force against another); *United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994) (stating that "[t]ak[ing] or attempt[ing] to take by force and violence or by intimidation . . . encompasses the use, attempted use, or threatened use of physical force") (internal quotation marks and citations omitted); Likewise, at least a few other circuit courts have concluded that § 2113(a) constitutes a crime of violence under § 924(c)(3)(A). *See, e.g.*, *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998); *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991).

In any case, because Fox has not cited to, and an independent review has not uncovered, any precedent holding that bank robbery under § 2113(a) is *not* a

7

qualifying offense under § 924(c)(3)(A), he cannot show plain error.  *See Hesser*, 800 F.3d at 1325.  We affirm his § 924(c)(1)(A) brandishing conviction.

## II.

Fox also challenges the procedural and substantive reasonableness of his sentence.  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  In reviewing a sentence for reasonableness, we first determine whether the district court committed procedural error at sentencing before evaluating whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Id.*

## A.

Fox first argues that the district court procedurally erred at sentencing by considering rehabilitation when crafting his sentence of imprisonment.  Fox arguably did not preserve this argument because he did not clearly "inform the district court of the legal basis for the objection."  *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).  He merely objected in general terms that his sentence was "substantively and procedurally" unreasonable.  Regardless of our standard of review, however, Fox has not shown that resentencing is warranted.

In *Tapia v. United States*, the Supreme Court held that a sentencing court may not impose or lengthen a prison term in order to promote an offender's

rehabilitation.  564 U.S. 319, 131 S. Ct. 2382, 2391 (2011).  Following *Tapia*, we held in *Vandergrift* that a "*Tapia* error occurs where the district court *considers* rehabilitation when crafting a sentence of imprisonment," not merely when it tailors the length of the sentence to permit completion of a rehabilitation program, or makes rehabilitation the dominant factor in reaching its sentencing determination.  *United States v. Vandergrift*, 754 F.3d 1303, 1310 (11th Cir. 2014) (emphasis in original).  "Because it is impermissible to consider rehabilitation, a court errs by relying on or considering rehabilitation in any way when sentencing a defendant to prison."  *Id.* at 1311.  "This is true regardless of how dominant the error was in the court's analysis and regardless of whether we can tell with certainty that the court relied on rehabilitation because the sentence was tailored to a rehabilitation program."  *Id.*

However, "a court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs.  To the contrary, a court properly may address a person who is about to begin a prison term about these important matters."  *Tapia*, 131 S. Ct. at 2392; *see Vandergrift*, 754 F.3d at 1311 (stating that although a district court may discuss rehabilitation during the sentencing hearing, the court erred because "prison's rehabilitative benefits were considered in the course of deciding whether or not Vandergrift should be sentenced to prison at all").

9

After careful review, we do not believe that the district court erred in considering rehabilitation when crafting Fox's sentence of imprisonment. Fox cites the following comments from the district court when discussing the § 3553(a) factors (the emphasis is Fox's):

> In addition to reflecting the seriousness of the offense, a sentence should promote respect for the law, act as a deterrent, and protect the public. You are a danger to the public unless and until you receive and follow the advice and assistance of experts who can help you understand and address your psychological issues, your drug abuse issues, those tendencies that you have, your depression. . . . . When you get out of prison, your chances of finding a job are not gonna get any better. They'll be substantially less likely or worse and that depression will always be there or that potential for depression. So under those circumstances, your supervision will be a challenge to the United States Probation Office and that should be addressed in the sentence as well.
>
> [. . . .]
>
> The bottom line in this case is however troubled you may be as an individual, however skewed your thinking may have been, you committed an offense, actually two offenses, that placed yourself and others in jeopardy and society cannot allow individuals like yourself to present that risk. So you need to address it while in custody and once you're out. As [the prosecutor] says, we could be talking about something much more serious in terms of injury to others if that gun had discharged either intentionally or accidently.

While the district court did reference the need for Fox to address his mental-health issues, these comments do not show that the district court considered the

need for rehabilitation in its decision to impose or lengthen his term of imprisonment.  Rather, it appears that the district court was primarily responding to Fox's arguments related to his mental-health issues and drug addiction.  Moreover, there is nothing improper about the court's discussion with Fox of his opportunities for rehabilitation while in prison or the benefits of treatment programs.  *See Tapia*, 131 S. Ct. at 2392.

But even assuming that the district court committed *Tapia* error, Fox has not shown that remand for resentencing is warranted.[3]  While a sentence can be unreasonable if it "was substantially affected by [the court's] consideration of impermissible factors," "a district court's consideration of an impermissible factor at sentencing is harmless if the record as a whole shows the error did not substantially affect the district court's selection of the sentence imposed."  *United States v. Williams*, 456 F.3d 1353, 1361-62 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007); *see Vandergrift*, 754 F.3d at 1311 (stating that *Tapia* error is treated no differently than "any other instance where a court considers an impermissible sentencing factor").

Here, the record conclusively demonstrates that any rehabilitative considerations "constituted only a minor fragment of the court's reasoning."  *See*

---

[3] We do not agree with the government that, indulging the assumption that *Tapia* error occurred, such error was invited.  Nevertheless, we do note the difficulty courts may face in attempting to respond to sentencing arguments related to mental health or drug addiction without being accused of committing *Tapia* error.

*Vandergrift*, 754 F.3d at 1312 (quoting *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012)).    The primary consideration of the district court was the seriousness of the offense, repeatedly emphasized by the court at sentencing, as well as, to a lesser extent, the danger Fox posed to the public.  For example, near the end of the hearing, the district court summed up its sentence entirely in terms of the seriousness of the offense: "a sentence of less than [ten years] would not adequately reflect the seriousness of the offense."  Based on the record as a whole, we have no doubt that the error, if any, was harmless under the circumstances.  *See Williams*, 456 F.3d at 1362.

## III.

Fox next argues that his sentence was substantively unreasonable because it was greater than necessary to serve the purposes of sentencing in light of Fox's age, lack of criminal history, and the court's *Tapia* error.

In sentencing a defendant, the district court must consider the § 3553(a) factors[4] and then impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" of sentencing listed in 18 U.S.C. § 3553(a)(2).  These purposes are retribution, deterrence, incapacitation, and, when appropriate, rehabilitation.  *See* 18 U.S.C. § 3553(a)(2).  The weight given to

---

[4] The district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553 (a)(1), (3)-(7).

specific § 3553(a) factors is committed to the sound discretion of the district court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).  We may conclude that a district court abused its discretion if the court (1) fails to account for a factor due significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) commits a clear error of judgment in balancing the sentencing factors by arriving at a sentence outside the range of reasonable sentences based on the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (*en banc*).  "[W]e ordinarily expect a sentence within the Guidelines range to be reasonable."  *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015) (internal quotation marks omitted)

Here, Fox has not shown that the district court abused its discretion in sentencing him.  Fox was sentenced to 36 months in prison for the bank-robbery offense, within the guideline range of 30 to 37 months, to be followed by a consecutive term of seven years in prison for the brandishing offense.  Before sentencing him, the court thoughtfully weighed the § 3553(a) factors and considered Fox's arguments.  The district court adequately explained the weight it gave to the seriousness of the offense based on Fox's use of a firearm during the bank robbery, which posed a serious risk to the victims and himself.  *See United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (attaching "great weight" to the seriousness of the offense did not render the sentence unreasonable).

13

Despite his age and lack of criminal history, Fox has not shown that the district court committed a clear error of judgment in balancing the proper factors. *See Irey*, 612 F.3d at 1190.

**AFFIRMED.**