[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14584
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60071-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOASSAINT JOSIAH ARISTIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 17, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Joassaint Josiah Aristil appeals his 121-month sentence for carjacking, in violation of 18 U.S.C. § 2119, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  Aristil makes two arguments on appeal.  First, Aristil argues that his conviction for carjacking does not qualify as a crime of violence under either § 924(c)(3)(A) (the "elements clause") or § 924(c)(3)(B) (the "residual clause").  *See Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc), *abrogated by United States v. Davis*, 139 S. Ct. 2319 (2019).  Second, Aristil argues that the district court committed plain error in its application of § 4A1.2(d) of the Sentencing Guidelines.

We conclude that notwithstanding the Supreme Court's recent decision in *Davis*, Aristil's challenge to the application of § 924(c)(3) fails because we have repeatedly concluded that carjacking in violation of § 2119 qualifies as a crime of violence under the elements clause of § 924(c)(3).  *See, e.g.*, *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016).  Aristil is nonetheless correct that the district court ignored § 4A1.2(d)'s limitation to offenses committed within five years of the instant offense.  We therefore vacate Aristil's sentence and remand for the district court to resentence Aristil pursuant to his correct criminal-history score.

# I

Beginning with Aristil's challenge to his conviction for violating

2

§ 924(c)(3),[1] that section provides for an increased sentence when a defendant uses a firearm during the commission of a drug trafficking crime or a crime of violence. 18 U.S.C. § 924(c)(1)(A).  Section 924(c)(3) goes on to define "crime of violence" as:

> an offense that is a felony and--(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In its opinion in *Davis*, the Supreme Court agreed with Aristil's first argument that the residual clause in § 924(c)(3) is unconstitutionally vague.  139 S. Ct. at 2336.

But note the "or" that separates the elements and residual clause.  The carjacking statute under which Aristil was convicted states that "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation" will be guilty of carjacking.  18 U.S.C. § 2119.  We have repeatedly concluded that this statute satisfies the elements clause of § 924(c)(3).  *See, e.g.*, *In re Smith*, 829 at 1280 ("[A]n element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking statute does, satisfies the [elements] clause of § 924(c), which requires the use, attempted use,

---

[1] We review the district court's legal interpretation of sentencing statutes and the Sentencing Guidelines *de novo*.  *United States v. Burge*, 407 F.3d 1183, 1186 (11th Cir. 2005).

or threatened use of physical force."); *United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir. 1994). This holding was not affected by *Davis*, and we are bound by our prior precedent. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Accordingly, we affirm as to this issue.

## II

Aristil also argues that the district court plainly erred when it calculated his criminal-history category for purposes of determining his sentence. Aristil points out that the district court applied § 4A1.2(d)(2)(B) of the Sentencing Guidelines to his December 2012 conviction for shoplifting despite the fact that the provision applies only to convictions within a five-year window, and the carjacking occurred in February 2018.[2]

We review issues that were not raised before the district court for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). Under plain-error review, we may correct an error where the defendant demonstrates that (1) an error occurred that was not deliberately abandoned, (2) the error was plain, and (3) the error affects the defendant's substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). "Once those three conditions have been met,

---

[2] In relevant part, § 4A1.2(d), "Offenses Committed Prior to Age Eighteen," instructs the district court to "(A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense; (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A)."

4

'the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 1905 (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).  A plain error affects the defendant's substantial rights if it was prejudicial—meaning that the error actually made a difference in the defendant's sentence.  *United States v. Shelton*, 400 F.3d 1325, 1332 (11th Cir. 2005).

Under § 4A1.2(d)(2)(B), the court adds one criminal-history point for "each adult or juvenile sentence imposed within five years" of the instant offense. Aristil's carjacking occurred on February 16, 2018.  The district court nonetheless added a criminal-history point for a sentence imposed on December 13, 2012. Aristil received a criminal-history score of 4 when his score should have been 3, and as a result, his criminal-history category should have been II rather than III. Combined with the total offense level of 19, Aristil's Guideline range should have been 33–41 months rather than the 37–46 months under which he was sentenced.

"[I]n the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range . . . .  Absent unusual circumstances, he will not be required to show more."  *Molina-Martinez*, 136 S. Ct. at 1347.  We see no unusual circumstances here, and so conclude that

the district court plainly erred.  Accordingly, we vacate and remand for the district court to resentence Aristil under the correct Guideline range.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**