[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-10172
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-02392-TWT; 1:10-cr-00305-TWT-RGV-1

IRMA OVALLES,

                                                      Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(October 9, 2018)

Before TJOFLAT, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

The en banc Court remanded this appeal to the panel for further proceedings. Ovalles v. United States, ___ F.3d ____, 2018 WL 4830079, at *18 (11th Cir. Oct. 4, 2018) (Ovalles II).  In 2017, our initial panel opinion affirmed the district court's denial of Irma Ovalles's 28 U.S.C. § 2255 motion to vacate her 18 U.S.C. § 924(c) conviction and sentence for using and carrying a firearm during a crime of violence, namely, attempted carjacking.  Ovalles v. United States, 861 F.3d 1257, 1267-69 (11th Cir. 2017) (Ovalles I).  The panel opinion held that Ovalles's attempted carjacking conviction qualified as a crime of violence under both § 924(c)(3)(B)'s residual clause and § 924(c)(3)(A)'s elements clause.  Id.

After Sessions v. Dimaya, 584 U.S. ___, 138 S. Ct. 1204 (2018), this Court vacated the panel opinion and took the case en banc.  The Court en banc then held that: (1) § 924(c)(3)(B)'s residual clause is not unconstitutionally vague; (2) we determine whether a predicate offense qualifies under that residual clause by using a conduct-based approach; and (3) given the admitted conduct, Ovalles's attempted carjacking conviction qualifies under § 924(c)(3)(B)'s residual clause.  Ovalles, ___ F.3d at ____, 2018 WL 4830079, at *1-2, 11-18.

The en banc Ovalles II decision remanded this appeal to the panel to decide all other issues.  We now do so by reinstating our ruling in Ovalles I insofar as it held that Ovalles's attempted carjacking conviction qualifies as a crime of violence

2

under § 924(c)(3)(A)'s elements clause.  We summarize what Ovalles I said and include additional analysis along the way.

## I.  BACKGROUND

In a 2010 written plea agreement, Ovalles pled guilty to six crimes: (1) a Hobbs Act robbery; (2) three carjackings; (3) an attempted carjacking; and (4) using and carrying a firearm during that attempted carjacking.[1]  At the plea hearing, the government's factual proffer, which Ovalles admitted, detailed how Ovalles and others committed at gunpoint a robbery, three carjackings, and an attempted carjacking between December 12, 2008 and December 14, 2008.

Only the attempted carjacking and the firearm crime during that carjacking are relevant to this appeal.  As to those counts, the presentence investigation report ("PSI") reported, as did the government's factual proffer, that on December 14, 2008, Ovalles and other gang members stopped a minivan by displaying firearms.  The robbers ordered the driver and his daughter out of the vehicle.  One robber hit the daughter with a baseball bat.  They took the victims' money and cell phones at gunpoint.  As the victims ran away, one robber fired several rounds from an AK-47 rifle in their direction.  When a bystander fired back at the robbers, they fled in a

---

[1]The parties dispute whether Ovalles's appeal of the denial of her § 2255 motion is barred by the limited appeal waiver in her plea agreement.  Because Ovalles's appeal lacks merit in any event, we need not reach the appeal waiver issue.

pick-up truck.  Our en banc opinion recounts Ovalles's crimes in more detail.
Ovalles II, ___ F.3d at ___; 2018 WL 4830079, at *2-3.

The PSI grouped the robbery, the three carjackings, and the attempted carjacking, yielding an advisory guidelines range of 108 to 135 months' imprisonment.  As to the § 924(c) firearm crime, Ovalles's advisory guidelines sentence was a consecutive ten years' imprisonment, the statutory minimum.  Without objection, the district court adopted the PSI's facts and guidelines calculations.  The district court imposed 108-month concurrent sentences on Ovalles's robbery, three carjackings, and attempted carjacking and a 120-month consecutive sentence on her § 924(c) firearm crime.  Ovalles did not appeal.

In 2016, Ovalles pro se filed her § 2255 motion to vacate her § 924(c) conviction and sentence.  After the court appointed counsel, Ovalles filed an amended § 2255 motion, which the district court denied.  Ovalles timely appealed.

## II.  DISCUSSION

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence.  18 U.S.C. § 924(c)(1).  "Crime of violence" means an offense that is a felony and:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4

Id. § 924(c)(3)(A), (B).  We refer to § 924(c)(3)(A) as the "elements clause."

We apply the categorical approach to decide whether a predicate conviction satisfies the elements-clause definition.  See, e.g., United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013).  In doing so, we must presume that the conviction rested upon nothing more than the least of the acts criminalized and then determine whether even those acts qualify as crimes of violence.  See Moncrieffe v. Holder, 569 U.S. 184, 190-91, 133 S. Ct. 1678, 1684 (2013).  We look only to the statutory elements of Ovalles's attempted carjacking conviction, not to the particular facts underlying that conviction.  See Descamps v. United States, 570 U.S. 254, 260-61, 133 S. Ct. 2276, 2283 (2013).  We thus turn to the carjacking statute.

The carjacking statute, 18 U.S.C. § 2119, provides in relevant part:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--
(1) be fined under this title or imprisoned not more than 15 years, or both.

18 U.S.C. § 2119(1).  The § 2119 statute itself prohibits both the taking of the vehicle and the attempt to do so.  See id.

To convict a defendant of carjacking, the government must prove that the defendant: (1) with the intent to cause death or serious bodily harm; (2) took, or

5

attempted to take, a motor vehicle; (3) that had been transported, shipped, or received in interstate or foreign commerce; (4) from the person or presence of another; (5) by force and violence or intimidation. United States v. Diaz, 248 F.3d 1065, 1096 (11th Cir. 2001). The intent element of the carjacking offense is satisfied if "at the moment the defendant demanded or took control of the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." Holloway v. United States, 526 U.S. 1, 12, 119 S. Ct. 966, 972 (1999). The defendant's intent is judged objectively from the actor's visible conduct and what the victim might reasonably conclude. United States v. Fulford, 267 F.3d 1241, 1244 (11th Cir. 2001).

This Court already has held that a § 2119 carjacking offense meets the requirements of § 924(c)(3)(A)'s elements clause. In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016); United States v. Moore, 43 F.3d 568, 572-73 (11th Cir. 1994) ("The term 'crime of violence' as Congress defined it in 18 U.S.C. § 924(c)(3) clearly includes carjacking. 'Tak[ing] or attempt[ing] to take by force and violence or by intimidation,' 18 U.S.C. § 2119, encompasses 'the use, attempted use, or threatened use of physical force . . . .' 18 U.S.C. § 924(c)(3)(A)."). As this Court explained, "an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking statute does, satisfies the force clause of § 924(c), which requires the

6

use, attempted use, or threatened use of physical force." In re Smith, 829 F.3d at 1280 (footnote omitted). In so holding, the In re Smith panel followed our prior precedent in Moore. Id.

## A.    Carjacking is Categorically a Crime of Violence

Ovalles's first contention on appeal is that our precedent is erroneous. Although bound by that precedent, we explain why Moore and In re Smith are correctly decided. Our inquiry under the categorical approach asks not only whether carjacking "by force and violence" qualifies, which it patently does, but also whether the taking of a vehicle from a person "by intimidation" qualifies, too.

The term "by intimidation" in the carjacking statute cannot be read in isolation, but must be considered along with the requisite intent, which means the intimidating act was conducted "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119(1). Given that required specialized intent, the carjacker's intimidating conduct must be to say or do something that makes an ordinary person in the victim's position fear serious bodily injury or death. See United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005) (stating bank robbery "by intimidation" occurs when an ordinary person in the victim's position reasonably could infer a threat of bodily harm from the defendant's acts); 11th Cir. Pattern Jury Instruction (Criminal) O78 (instructing that to take "by intimidation" for purposes of federal carjacking is "to say or do something that would make an

7

ordinary person fear bodily harm"). Simply put, § 2119's proscribed conduct where the defendant must take the car from a person by intimidation—that is, by conduct that would make an ordinary person fear bodily harm—and do so with the intent to kill or cause serious bodily injury necessarily entails at least threatened or attempted force and qualifies under § 924(c)(3)(A).

Three other circuits have concluded that federal carjacking "by intimidation" requires at least a threat to use violent force and categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. See United States v. Gutierrez, 876 F.3d 1254, 1255-57 (9th Cir. 2017), cert. denied, ___ U.S. ___, 138 S. Ct. 1602 (2018); United States v. Jones, 854 F.3d 737, 740-41 & n.2 (5th Cir.), cert. denied, ___ U.S. ___, 138 S. Ct. 242 (2017); United States v. Evans, 848 F.3d 242, 246-48 (4th Cir.), cert. denied, ___ U.S. ___, 137 S. Ct. 2253 (2017). The Ninth Circuit explained that intimidation as used in § 2119 requires that the defendant take the motor vehicle in such a way "that would put an ordinary, reasonable person in fear of bodily harm, which necessarily entails at least the threatened use of violent physical force." Gutierrez, 876 F.3d at 1257.

In concluding carjacking by intimidation is a violent crime, circuits have relied on decisions interpreting the analogous federal bank robbery statute, which proscribes bank robbery "by force and violence, or by intimidation." See 18 U.S.C. § 2113(a); Guitierrez, 876 F.3d at 1257; Jones, 854 F.3d at 740; Evans, 848

8

F.3d at 246-47.  Seven circuits, including this Court, have held that federal bank robbery "by intimidation" has as an element the threatened use of physical force and categorically qualifies under § 924(c)(3)(A).  See United States v. Johnson, 899 F.3d 191, 203-04 (3d Cir. 2018); United States v. Watson, 881 F.3d 782, 784-85 (9th Cir.), cert. denied, 2018 WL 3223705 (U.S. Oct. 1, 2018); Hunter v. United States, 873 F.3d 388, 390 (1st Cir. 2017); United States v. Williams, 864 F.3d 826, 827, 830 (7th Cir.), cert. denied, 138 S. Ct. 272 (2017); United States v. Armour, 840 F.3d 904, 908-09 (7th Cir. 2016); United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016), cert. denied, 137 S. Ct. 830 (2017); United States v. McNeal, 818 F.3d 141, 152-54 (4th Cir. 2016), cert. denied, 138 S. Ct. 272 (2017); United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000); see also In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016) (following the Fourth Circuit's McNeal and the Ninth Circuit's Wright and holding federal bank robbery qualifies under § 924(c)(3)(A)).

In short, Moore and In re Smith correctly held that a § 2119 carjacking offense categorically qualifies under § 924(c)(3)(A)'s elements clause.

## B.    Attempted Carjacking is Categorically a Crime of Violence

Even so, Ovalles's next argument is that her conviction cannot qualify because it was for only attempted carjacking.  However, this Court already has concluded that attempted crimes of violence may also categorically qualify under § 924(c)(3)(A).  Specifically, in McGuire, the § 924(c) defendant's predicate

9

conviction was for "attempting" to set fire to, damage, destroy, disable, or wreck an aircraft, in violation of 18 U.S.C. § 32(a)(1). McGuire, 706 F.3d at 1335. This Court held that even the least culpable act under § 32(a)(1)—such as "attempting" to disable an aircraft by deflating its tires on the ground—categorically qualified under § 924(c)(3)(A). Id. at 1336-38. We reasoned that "attempting to disable an aircraft" is itself an act of force in the meaningful sense," stressing that it is an "'active crime' done 'intentionally' against the property of another, with extreme and manifest indifference to the owner of that property and the wellbeing of the passengers." Id. at 1337.[2] Here, attempted carjacking is not only an active crime but it must be done intentionally against a person with intent to seriously injure or kill if necessary to steal the car.

Importantly, federal law, which governs an attempt of a federal crime, demonstrates why attempted carjacking qualifies under the elements clause. To be convicted of an "attempt" of a federal offense, a defendant must: (1) have the specific intent to engage in the criminal conduct she is charged with attempting; and (2) have taken a substantial step toward the commission of the offense that strongly corroborates her criminal intent. United States v. Jockisch, 857 F.3d

---

[2]McGuire held the defendant's attempt to disable an aircraft categorically qualified under both the residual and elements clauses. 706 F.3d at 1336-38. Our en banc Ovalles II decision overruled McGuire only to the extent it required the application of the categorical approach to the residual clause determination. Ovalles II, ___ F.3d at ___, 2018 WL 4830079, at *2, 17. McGuire's alternative holding that the attempt crime categorically qualified under the elements clause remains undisturbed.

10

1122, 1129 (11th Cir. 2017); United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007).  In other words, a federal attempt offense requires that the defendant have the specific intent to commit each element of the completed federal offense.  In addition, for attempted carjacking, the government must also prove that the defendant attempted to take the vehicle from a person with intent to seriously injure or kill the person if necessary to steal the car.  That required violent intent element remains the same whether the taking was attempted or completed.

Further, under federal law, attempted carjacking requires not mere preparation, but a substantial step toward taking the car by intimidation that corroborates that specific criminal intent.  "A substantial step can be shown when the defendant's objective acts mark h[er] conduct as criminal and, as a whole, 'strongly corroborate the required culpability.'"  Yost, 479 F.3d at 819 (quoting United States v. Murrell, 368 F.3d 1283, 1288 (11th Cir. 2004)).  To constitute an attempt under federal law, the defendant must do more than merely plan or prepare for the crime; he or she must perform objectively culpable and unequivocal acts toward accomplishing the crime.  See United States v. Ballinger, 395 F.3d 1218, 1238 n.8 (11th Cir. 2008) (en banc); United States v. McDowell, 705 F.2d 426, 427-28 (11th Cir. 1983).

We can conceive of no plausible means by which a defendant could commit attempted carjacking absent a threatened or attempted use of force against a

11

person.  Applying the categorical approach, we consider "the plausible applications" of the carjacking statute, not mere "theoretical" possibilities of how a carjacking may occur.  See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S. Ct. 815, 822 (2007) (requiring "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the standard).

Even assuming that the substantial step itself in an attempted carjacking offense falls short of actual or threatened violence, we also conclude that because a completed carjacking qualifies as a crime of violence, an attempt to commit that violent offense constitutes a crime of violence too.  In reaching this alternative and independent ground for affirmance, we agree with, and adopt, the Seventh Circuit's approach to attempted violent crimes.  Hill v. United States, 877 F.3d 717, 718-19 (7th Cir. 2017) (examining Illinois law and holding murder qualifies as a violent felony under § 924(e)'s elements clause and therefore attempted murder does too), cert. denied, 2018 WL 4334874 (U.S. Oct. 9, 2018);[3] Armour, 840 F.3d at 908-09 & n.3 (examining federal law and holding that aiding and abetting attempted armed bank robbery qualifies as a crime of violence under § 924(c)(3)(A)); Morris v. United States, 827 F.3d 696, 698-99 (7th Cir. 2016) (Hamilton, J., concurring).

---

[3]Section 924(e) is the Armed Career Criminal Act ("ACCA").  See 18 U.S.C. § 924(e).

12

In <u>Hill</u>, the Seventh Circuit explained that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony." <u>See Hill</u>, 877 F.3d at 719. Hill argued that his attempted murder conviction did not qualify because the substantial step required to commit attempt under Illinois law may not itself involve the use, attempted use, or threatened use of physical force. <u>Id.</u> (citing as examples buying a gun or giving a hit man a car key after drawing up assassination plans).

Rejecting Hill's argument, the Seventh Circuit acknowledged that in attempt crimes the substantial step itself may not be actual or threatened force. <u>Id.</u> Nonetheless, if an element of the crime (murder), if completed, involves actual or threatened force and is therefore a violent crime, it follows that an attempt to commit that violent crime is itself a violent crime. <u>Id.</u> at 719-20. The Seventh Circuit reasoned that: (1) a defendant must intend to commit every element of the completed crime in order to be guilty of attempt; and (2) thus, "an attempt to commit a crime should be treated as an attempt to commit every element of that crime." <u>Id.</u> The Seventh Circuit explained that "[w]hen the intent element of the attempt offense includes intent to commit violence against the person of another . . . it makes sense to say that the attempt crime itself includes violence as an element." <u>Id.</u>; <u>see also</u> <u>Morris</u>, 827 F.3d at 698-99 (Hamilton, J., concurring) ("Even though the substantial step(s) may have fallen short of actual or threatened

13

physical force, the criminal has, by definition, attempted to use or threaten physical force because he has attempted to commit a crime that would be violent if completed.").

"Given the statutory specification [in § 924(e)(2)(B)(i)] that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime," the Seventh Circuit concluded that when an offense, if completed, qualifies under the ACCA's elements clause, an attempt to commit that same offense also is a violent felony.  See Hill, 877 F.3d at 719.

Analogously here, it makes no difference that Ovalles was convicted of only attempted carjacking.  The federal attempt law requires that Ovalles intended to commit every element of a completed carjacking, including taking the vehicle from another person by force and violence or by intimidation and fully intending to cause death or bodily harm to that person if necessary to steal the vehicle.  Similar to Hill's analysis, Ovalles has by definition attempted to use or threaten force because she attempted to commit a crime that would be violent if completed. Thus, under Hill's analysis, given § 924(c)'s elements clause equates an attempted force with actual or threatened force, and given that an attempt conviction requires an intent to commit all elements of the completed crime, attempted carjacking qualifies as a crime of violence under § 924(c)(3)(A) as well.

14

## III.  CONCLUSION

As an independent and alternative ground for affirmance of the denial of Ovalles's § 2255 motion, we hold that Ovalles's attempted carjacking conviction categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause.  We therefore affirm Ovalles's § 924(c) conviction.

**AFFIRMED.**