[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-12440
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24033-JEM; 1:15-cr-20342-JEM-1

ABUID ROMAN, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 27, 2019)

Before WILLIAM PRYOR, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

I.

Abuid Roman, Jr., a federal prisoner, appeals the District Court's denial of

his 28 U.S.C. § 2255 motion to vacate his sentence.

The government has moved for summary affirmance and to stay the briefing schedule because, according to binding precedent in this Circuit, carjacking is a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause, and therefore the government argues that Roman's sentence is valid.  We agree.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  Because Roman's argument is foreclosed by binding precedent in this Circuit, *see In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (holding that carjacking is a crime of violence under § 924(c)(3)(A)'s elements clause); *Ovalles v. United States*, 905 F.3d 1300, 1304 (11th Cir. 2018) (reaffirming that carjacking is a crime of violence under the elements clause), the government is clearly correct as a matter of law that Roman is not entitled to relief.

Accordingly, the government's motion for summary affirmance is GRANTED, and its motion to stay the briefing schedule is DENIED as moot.

---

[1] All decisions of the former Fifth Circuit announced before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).