[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13353
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20334-CMA-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY JENKINS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2020)

Before MARTIN, GRANT, and LAGOA, Circuit Judges.

MARTIN, Circuit Judge:

Bobby Jenkins, Jr., appeals his conviction and sentence for carrying a

firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  After careful

review, we vacate Mr. Jenkins's § 924(c) conviction and remand for resentencing.

## I.

In May 2013, Mr. Jenkins was indicted for conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846; possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1); and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  Notably, the indictment specified that the § 924(c) count was predicated on "a violation of Title 18, United States Code, Section 1951(a)," or conspiracy to commit Hobbs Act robbery.  Mr. Jenkins went to trial, and in October 2013, a jury convicted him on all counts.  Mr. Jenkins was sentenced to two concurrent 20-year terms of imprisonment on the conspiracy counts, a concurrent ten-year term on the felon-in-possession count, and a consecutive term of five years on the § 924(c) count, for a total sentence of 25 years.

On direct appeal, our Court vacated Mr. Jenkins's felon-in-possession conviction and remanded his case for resentencing.  See United States v. Clarke, 822 F.3d 1213, 1215 (11th Cir. 2016) (per curiam).  On remand but prior to resentencing, Mr. Jenkins moved to dismiss the § 924(c) charge in the indictment. He argued his § 924(c) conviction was invalid in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  Of course, Johnson struck down as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act,

which defined the term "violent felony." Id. at 2557.  Mr. Jenkins reasoned that the similarly worded residual clause in § 924(c)(3)(B), defining "crime of violence," was likewise unconstitutionally vague.  He also submitted that the predicate offense for his § 924(c) conviction—conspiracy to commit Hobbs Act robbery—did not otherwise qualify as a crime of violence under § 924(c)(3)(A), known as the "elements clause."

At his 2017 resentencing hearing, the District Court declined to dismiss Mr. Jenkins's § 924(c) conviction.  The court concluded that Johnson did not apply to § 924(c), relying on our precedent in Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017), on reh'g en banc, 905 F.3d 1231 (11th Cir.), opinion reinstated in part, 905 F.3d 1300 (11th Cir. 2018), abrogated by United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019).  The District Court imposed two concurrent sentences of 121 months on the conspiracy charges, followed by a consecutive sentence of five years on the § 924(c) charge.  Mr. Jenkins filed a timely notice of appeal from his now-15-year sentence.[1]  On appeal, Mr. Jenkins renews his arguments that his § 924(c) conviction should be vacated.

---

[1] The government filed an untimely notice of cross-appeal to challenge Mr. Jenkins's reduced sentences on the two conspiracy counts.  The government moved to voluntarily dismiss its cross-appeal in February 2019, and this Court granted the motion.

## II.

Whether an offense underlying a § 924(c) conviction qualifies as a "crime of violence" presents a question of law, which we review de novo.  See Brown v. United States, 942 F.3d 1069, 1072 (11th Cir. 2019) (per curiam).

## III.

Since Mr. Jenkins's 2017 resentencing, his belief that Johnson invalidated 18 U.S.C. § 924(c)(3)(B) has become law.  In Davis, the Supreme Court extended its holding in Johnson and announced that the definition of "crime of violence" in § 924(c)'s residual clause is void for vagueness.  139 S. Ct. at 2327, 2336.  Davis presented a new, substantive rule of constitutional law that applies retroactively to criminal cases.  In re Hammoud, 931 F.3d 1032, 1037–39 (11th Cir. 2019).  Davis, however, did not affect the definition of "crime of violence" found in § 924(c)'s elements clause.  See Brown, 942 F.3d at 1075.  Thus, Mr. Jenkins can now benefit from Davis only if his § 924(c) predicate offense does not qualify as a crime of violence under the elements clause.

In Brown, this Court concluded that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause.  942 F.3d at 1075–76.  Because conspiracy to commit Hobbs Act robbery served as the sole predicate for Mr. Brown's § 924(c) conviction, we vacated his conviction and remanded for resentencing.  Id. at 1074–76.

4

Mr. Jenkins is entitled to the same relief.  His indictment referenced conspiracy to commit Hobbs Act robbery as the only predicate offense supporting the § 924(c) charge.  A jury convicted Mr. Jenkins of violating § 924(c) on this basis alone.  Because conspiracy to commit Hobbs Act robbery is not a crime of violence under the elements clause, Mr. Jenkins could have only been convicted of a § 924(c) violation under the unconstitutional residual clause in § 924(c)(3)(B).  His § 924(c) conviction and the accompanying consecutive five-year sentence are therefore invalid.  In accordance with Brown, we vacate Mr. Jenkins's § 924(c) conviction and remand for resentencing.

**VACATED AND REMANDED.**