[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13135
Non-Argument Calendar

_____

D.C. Docket Nos. 0:15-cv-62393-JIC; 0:14-cr-60174-JIC-2

SCHADRAC HOSSAIN,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 13, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

LAGOA, Circuit Judge:

Schadrac Hossain ("Hossain") appeals the district court's denial of his amended 28 U.S.C. § 2255 motion to vacate his conviction and also moves for summary reversal.[1]  For the reasons discussed below, we grant Hossain's motion for summary reversal, vacate Hossain's 18 U.S.C § 924(c) conviction (Count 5), and remand to the district court for resentencing.

## I.  FACTUAL AND PROCEDURAL HISTORY

On July 24, 2014, Hossain and his co-defendant, Michael Brown, were charged in a multiple-count indictment.  Hossain pled guilty to Counts 1 and 5 in exchange for the government dismissing the remaining counts against him.  Count 1 charged both Hossain and Brown with conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a).  Count 5 charged both Hossain and Brown with knowingly carrying and possessing a firearm during and in relation to a crime of violence (Count 1) and a drug trafficking crime (Counts 2 and 3) in violation of 18 U.S.C. § 924(c)(1)(A) and (2).   The plea agreement entered into by Hossain specified that the § 924(c) charge to which Hossain was pleading guilty was predicated solely on the crime of violence as outlined in Count 1, and this was reaffirmed during the plea colloquy when the district court adjudged Hossain "guilty

---

[1] This Court in *Brown v. United States,* 942 F.3d 1069 (11th Cir. 2019), granted Hossain's co-defendant, Michael Brown, a summary reversal of his § 924(c) conviction based on identical facts and arguments as those raised by Hossain in this appeal.

2

of Count 1, conspiracy to commit Hobbs Act robbery" and adjudged Hossain "guilty of Count 5, use of a firearm during the commission of a crime of violence."

Of significance to this appeal, Hossain filed an amended § 2255 motion to vacate, arguing that his § 924(c) conviction was invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), because conspiracy to commit Hobbs Act robbery no longer qualified as a crime of violence. The district court denied the § 2255 motion based on this Court's precedent in *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), *on reh'g en banc*, 905 F.3d 1231 (11th Cir.), *opinion reinstated in part*, 905 F.3d 1300 (11th Cir. 2018), *abrogated by United States v. Davis*, 139 S. Ct. 2319 (2019). Hossain timely filed a notice of appeal, and on July 15, 2019, this Court granted Hossain a certificate of appealability as to whether his conviction for using a firearm during a crime of violence in violation of § 924(c) remained valid in light of *Davis*. This appeal ensued, and the government concedes that Hussain's § 924(c) conviction should be vacated and the case remanded to the district court for resentencing.

## II. STANDARD OF REVIEW

When reviewing the denial of a § 2255 motion, "we review legal issues *de novo* and factual findings under a clear error standard." *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999).

3

III. ANALYSIS

Under § 924(c)(3), a "crime of violence" is defined as a felony offense that either:

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is known as "the elements clause," and subsection (B) is known as "the residual clause." *See In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019).

In *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause was void for vagueness like the residual clause at issue in *Johnson*. 139 S. Ct. at 2336. *Davis*, however, did not address the definition of "crime of violence" found in § 924(c)'s elements clause. Following *Davis*, this Court in *Brown v. United States,* 942 F.3d 1069 (11th Cir. 2019), held that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A)'s elements clause.[2] *Id*. at 1075–76.

In light of the Supreme Court's ruling in *Davis* and this Court's ruling in *Brown*, summary reversal is appropriate as Count 1 for conspiracy to commit Hobbs Act robbery served as the sole predicate offense for Hossain's § 924(c) conviction,

---

[2] The mandate in *Brown* issued on January 7, 2020, after briefing in this case had been completed.

4

and conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (explaining that summary reversal is appropriate when "rights delayed are rights denied" or "one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").[3]

## IV.  CONCLUSION

Accordingly, we grant Hossain's motion for summary reversal of the district court's denial of his amended § 2255 motion, vacate Hossain's § 924(c) conviction (Count 5), and remand to the district court for resentencing.[4]

REVERSED AND REMANDED

---

[3] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all Fifth Circuit decisions issued before October 1, 1981 as binding precedent.

[4] In his motion for summary reversal, Hossain states that he has completed his sentence, is currently in a halfway house and scheduled to be placed on supervised release.  As such, the proceedings before the district court weigh heavily in favor of treating this matter with urgency.