[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17294
Non-Argument Calendar
_____

D.C. Docket Nos. 8:16-cv-01659-SCB-TBM; 8:06-cr-00353-SCB-TBM-1


DEANTE BLACKMAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Deante Blackman appeals the district court's dismissal of his 28 U.S.C.

§ 2255 motion to vacate, in which he argued that his 18 U.S.C. § 924(c) conviction

should be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). We

granted a certificate of appealability (COA) on one issue: whether the district court

erred in determining that Blackman's § 2255 motion was time-barred under

§ 2255(f)(3) in light of *Johnson*. We held Blackman's appeal in abeyance pending

the issuance of the mandate in *Ovalles v. United States*[1] and continued the stay

until the Supreme Court decided *United States v. Davis*, 588 U.S. ___, 139 S. Ct.

2319 (2019).

A prisoner in federal custody may file a motion to vacate, set aside, or

correct his sentence by asserting "that the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction

to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack."  28 U.S.C.

§ 2255(a). There is a one-year statute of limitations for filing a § 2255 motion to

vacate, which begins to run following, as relevant here, the date the right asserted

was initially recognized by the Supreme Court, if that right has been newly

---

[1] *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), *reh'g en banc granted, opinion vacated*, 889 F.3d 1259 (11th Cir. 2018), *and on reh'g en banc*, 905 F.3d 1231 (11th Cir. 2018), *opinion reinstated in part*, 905 F.3d 1300 (11th Cir. 2018), *abrogated by United States v. Davis*, 139 S. Ct. 2319 (2019).

recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). This limit is not jurisdictional. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

We review de novo the district court's dismissal of a § 2255 motion as untimely. *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). When reviewing a district court's denial of a § 2255 motion, we review questions of law de novo and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (2008).

Section 924(c) of Title 18 of the United States Code criminalizes the use or carrying of a firearm in furtherance of a crime of violence or drug-trafficking crime. "Crime of violence" is defined as a felony offense that either

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). We often refer to § 924(c)(3)(A) as the "elements clause" and § 924(c)(3)(B) as the "residual clause." *Thompson v. United States*, 924 F.3d 1153, 1155 (11th Cir. 2019).

3

Recently, in *Davis*, the Supreme Court extended its holdings in *Johnson* and *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018) to § 924(c), holding that that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act ("ACCA") and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. In so holding, the Court emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses struck down in *Johnson* and *Dimaya*, and, therefore, it concluded that § 924(c)(3)(B) was unconstitutional for the same reasons. *Id.* at 2326, 2336.

In *In re Hammoud*, we held that *Davis* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 931 F.3d 1032, 1038–39 (11th Cir. 2019); *see* 28 U.S.C. § 2255(h)(2). In doing so, we explained that *Davis* extended *Johnson*'s and *Dimaya*'s holdings to a new statutory context, while noting that *Davis*'s result was not necessarily dictated by precedent. *In re Hammoud*, 931 F.3d at 1038–40 (stating that *Davis* was a new constitutional rule "in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*"). We also held that the district court, having never previously considered the *Davis* issue, should review the merits of such a claim in the first instance. *Id.* at 1040–41. We noted that "in the district court, Hammoud will bear the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show

4

that his § 924(c) conviction resulted from application of solely the residual clause."

*Id.* at 1041 (citing *Beeman v. United States*, 871 F.3d 1215, 1222–25 (11th Cir.

2017)).  Additionally, we recently addressed the merits of an appellant's *Davis*

claim where the claim was originally raised under *Johnson* but recast as a *Davis*

claim, as *Davis* was decided while the appeal was pending.  *United States v.*

*Steiner*, 940 F.3d 1282, 1288, 1292–93 (11th Cir. 2019) (per curiam).

As an initial matter, the COA is sufficiently broad to encompass Blackman's

*Davis* claim.[2]  *See Davis*, 139 S. Ct. 2325–26 (stating that there was no "material

difference" between the language and scope of the residual clauses struck down in

*Johnson* and *Dimaya* and § 924(c)(3)(B)'s residual clause); *Steiner*, 940 F.3d at

1288, 1292–93 (addressing the merits of a *Johnson* claim "recast" as a *Davis* claim

on appeal).  Specifically, we view the COA as broad enough to encompass whether

Blackman's § 2255 motion is timely as to his *Davis* claim and, additionally,

whether his *Davis* claim can be properly considered within the present § 2255

proceedings.

Here, it is clear that *Davis* announced the new rule of constitutional law

applicable to Blackman's challenge to his § 924(c) conviction, rather than *Johnson*.

---

[2] Even if the COA did not encompass Blackman's *Davis* claim, we could sua sponte expand the COA to address this claim.  *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016) (per curiam) ("On exceptional occasions, we may expand a COA sua sponte to include issues that reasonable jurists would find . . . debatable." (internal quotation mark omitted)).

*See In re Hammoud*, 931 F.3d at 1038–39.[3]  And, because *Davis* represented an extension of the Supreme Court's decisions in *Johnson* and *Dimaya*, we conclude that the district court's conclusions that *Johnson* did not apply to § 924(c) and, therefore, that Blackman's § 2255 motion was untimely, were erroneous.  *See Davis*, 139 S. Ct. at 2325–27; *In re Hammoud*, 931 F.3d at 1038–40 (explaining that the rule announced in *Davis* was primarily based on *Johnson* and *Dimaya*).  However, because *Davis* was decided while Blackman's appeal was pending, the district court necessarily never considered it.  Regardless, because Blackman raised his *Davis* claim within one year of the *Davis* decision, we conclude that his § 2255 motion was timely filed.  *See* 28 U.S.C. § 2255(f)(3).

Moreover, the district court never considered whether Blackman had shown that his § 924(c) conviction relied solely on the residual clause.  *See In re Hammoud*, 931 F.3d at 1040–41; *Beeman*, 871 F.3d at 1222–25.  It also did not address the merits of Blackman's arguments that his predicate convictions do not categorically qualify as crimes of violence under § 924(c)(3)(A)'s elements clause.  The district court is in a better position to review Blackman's *Davis* claim in the first instance.  *In re Hammoud*, 931 F.3d at 1040–41.  Accordingly, we vacate the

---

[3] Blackman's claim that *In re Hammoud* was wrongly decided is foreclosed by our prior precedent rule.  *See Archer*, 531 F.3d at 1352.

dismissal of Blackman's § 2255 motion and remand to the district court to consider, in light of *Davis* and *In re Hammoud*, whether he is entitled to relief.

**VACATED AND REMANDED.**