[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-17663
Non-Argument Calendar

————————————————

D.C. Docket Nos. 8:16-cv-01737-SCB-TBM; 8:11-cr-00364-SCB-TBM-1

STEVEN CHRISTOPHER TRUBEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(May 4, 2020)

Before WILLIAM PRYOR, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Steven Trubey appeals the district court's dismissal of his 28 U.S.C. § 2255

motion to vacate as time-barred.  He argues that his § 2255 motion, which attacks

his conviction under 18 U.S.C. § 924(c), was timely because it was based on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  After careful consideration, we vacate the dismissal of Trubey's § 2255 motion and remand his case to the district court.

## I.

In 2011, Trubey pled guilty to attempted bank robbery in violation of 18 U.S.C. §§ 2113 and 2, and to carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  Trubey did not appeal his conviction, which became final on June 27, 2012.

Following the Supreme Court's decision in Johnson on June 26, 2015, Trubey filed his § 2255 motion to vacate his § 924(c) conviction on June 23, 2016. Trubey argued that Johnson, which invalidated the residual clause in the Armed Career Criminal Act ("ACCA"), also invalidated the similarly worded residual clause in § 924(c)(3)(B).  He stated that he had been convicted under § 924(c)'s residual clause and thus should benefit from Johnson.

The United States moved to dismiss Trubey's motion as untimely under 28 U.S.C. § 2255(f)(3).  The government argued that Johnson did not extend Trubey's time for filing a § 2255 motion because Johnson's holding did not apply to § 924(c).  The district court agreed with the government  that Johnson's holding

2

did not extend to § 924(c) and granted the motion to dismiss Trubey's petition as time-barred.

Trubey appealed from this judgment. In June 2017, this Court granted him a certificate of appealability ("COA") limited to the issue of "[w]hether the district court erred in dismissing Trubey's 28 U.S.C. § 2255 motion as time-barred under § 2255(f)(3) on the grounds that his claim was not based on Johnson v. United States, 135 S. Ct. 2551 (2015)."

Trubey's appeal was stayed pending the mandate in Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017), reh'g en banc granted, opinion vacated, 889 F.3d 1259 (11th Cir.), on reh'g en banc, 905 F.3d 1231 (11th Cir.), opinion reinstated in part, 905 F.3d 1300 (11th Cir. 2018). On Trubey's motion, this Court extended the stay of the appeal until June 24, 2019, when the Supreme Court applied its holding in Johnson to invalidate § 924(c)'s residual clause. See United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319, 2327, 2336 (2019).

## II.

We review de novo the district court's dismissal of a § 2255 motion as untimely. Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014).

## III.

28 U.S.C. § 2255(f) sets deadlines for filing a § 2255 motion to vacate. As relevant here, a prisoner must file a § 2255 motion within one year of "the date on

3

which the right asserted was initially recognized by the Supreme Court." Id. § 2255(f)(3). Trubey argues that the unconstitutional vagueness of § 924(c)'s residual clause is "a straightforward application of Johnson," and thus his § 2255 motion, filed within one year of Johnson, was timely.

In Johnson, the Supreme Court announced that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. at 2563. Relying on Johnson, the Court soon held that the residual clause of 18 U.S.C. § 16 was also void for vagueness. See Sessions v. Dimaya, 584 U.S. ___, 138 S. Ct. 1204, 1223 (2018) (declaring that "Johnson tells us how to resolve this case").

In Davis, the Supreme Court extended its holdings in Johnson and Dimaya to hold that § 924(c)'s residual clause was unconstitutionally vague. Davis, 139 S. Ct. at 2325–26. The Court pronounced that there was "no material difference" between the residual clauses struck down in Johnson and Dimaya and the residual clause of § 924(c)(3)(B). Id. at 2326, 2336. Our Court then held that Davis announced a new rule of constitutional law that retroactively applies to cases on collateral review. See In re Hammoud, 931 F.3d 1032, 1038–39 (11th Cir. 2019) (per curiam).

The Supreme Court's holding in Davis governs Trubey's challenge to his § 924(c) conviction. And because Davis extended that Court's previous decisions in Johnson and Dimaya, the district court erred in ruling that Johnson's holding did

not apply to § 924(c).  The rule in Johnson did extend to § 924(c), and Trubey filed

his Johnson-based § 2255 motion within a year of that decision.  Thus, Trubey's

§ 2255 motion was timely under § 2255(f).  We therefore vacate the district court's

dismissal of his motion as untimely.  Cf. Steiner v. United States, 940 F.3d 1282,

1288, 1292 (11th Cir. 2019) (per curiam) (addressing a § 2255 petitioner's Johnson

claim which was "recast[]" as a Davis claim on appeal).

Trubey also asks our Court to decide whether attempted armed bank

robbery, the predicate offense for his § 924(c) conviction, is a crime of violence

under § 924(c)'s "elements clause," which was unaffected by Davis.  As the

government argues, however, "the scope of our review of an unsuccessful § 2255

motion is limited to the issues enumerated in the COA."  McKay v. United States,

657 F.3d 1190, 1195 (11th Cir. 2011).  We decline to address Trubey's arguments

beyond the scope of his COA, and remand to the district court to consider this

question in the first instance.

**VACATED AND REMANDED.**

5