[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12659

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAQUAN ERIC MELIK DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60327-CMA-1

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Jaquan Eric Melik Douglas appeals his conviction and 163-month sentence for carjacking and brandishing a firearm during a crime of violence.  First, Douglas argues that after *Borden v. United States*, 593 U.S. 420 (2021), federal carjacking does not qualify as a crime of violence under 18 U.S.C. § 924(c).  Second, he contends that his sentence is substantively unreasonable because the district court did not consider his personal history, and that his carjacking offense was not a typical carjacking.  Third and finally, he asserts that the district court procedurally erred because it failed to address specific arguments that he presented in support of his request for a downward variance.

**I**

We review de novo whether an offense is a crime of violence under § 924(c).  *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020).  When a defendant does not raise a relevant objection at the time of sentencing, however, we review only for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To preserve an objection, it must be clear enough to inform the district court of its legal basis.  *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006).  To preserve an objection to his sentence for appeal, a defendant must raise the point in such clear and simple language that the district court cannot misunderstand it.  *Id.*  When the statement does not clearly inform the district court of the legal

basis for the objection, the objection is not properly preserved and is reviewed for plain error. *Id*.

The plain error standard requires the defendant to show that the district court committed a plain error that affects substantial rights and that seriously affects the fairness, integrity, or public reputation of the proceedings. *Id*. at 818. For an error to be plain, it must be one that is obvious and clear under current law. *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).

Our prior-panel-precedent rule mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or [our] [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "It does not matter whether a prior case was wrongly decided . . . whether it failed to consider certain critical issues or arguments; or whether it lacked adequate legal analysis to support its conclusions." *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018) (citations omitted)).

The federal carjacking statute makes it a crime to, "with the intent to cause death or serious bodily harm, take[] a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation." 18 U.S.C. § 2119. The intent element of the statute is satisfied if "at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car . . . ." *Holloway v. United States*, 526 U.S. 1, 12 (1999).

To qualify as a crime of violence, an offense must meet the definition of § 924(c)(3)(A)'s "elements clause," which defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The definition is nearly identical to the definition of "violent felony" in the Armed Career Criminal Act (ACCA), which defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has held that the term "use" means the "active employment" of physical force. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). Further, the Supreme Court has defined "physical force" as "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

We have held that carjacking under § 2119 satisfies § 924(c)(3)(A) because it has an element requiring that one take or attempt to take by force and violence or by intimidation. *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). Further, we have held that carjacking is a crime of violence because "§ 2119's proscribed conduct where the defendant must take the car from a person by intimidation… and do so with the intent to kill or cause serious bodily injury necessarily entails at least threatened or attempted force and qualifies under § 924(c)(3)(A)." *Ovalles v. United States*, 905 F.3d 1300, 1304 (11th Cir. 2018).

In *Borden*, the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot qualify as a crime of violence under the ACCA. *Borden*, 593 U.S. at 423–24. At the outset, the Court noted that it had concluded that only a statute confined to purposeful or knowing conduct can count as a violent felony under the ACCA. *Id.* at 425 n.2 (citations omitted). The Court then held that, although offenses with a mens rea of recklessness may involve the use of physical force, they do not require the force to be directed against another, and that the "against another" phrase in the ACCA sets out a mens rea requirement of purposeful or knowing conduct. *Id.* at 428–30. The Court held that offenses with a mens rea of recklessness do not require, as the ACCA does, the active employment of force against another person. *Id.* at 437–442, 444. We have agreed. *See United States v. Carter*, 7 F.4th 1039, 1045 (11th Cir. 2021).

Here, Douglas's claim is foreclosed by this Court's precedent. *Archer*, 531 F.3d at 1352. His claim must be reviewed for plain error because he did not object at sentencing that federal carjacking is not a crime of violence. *Vandergrift*, 754 F.3d at 1307. It fails for two reasons. First, *Borden* did not abrogate this Court's case law. Both before and since *Borden*, this Court has held that an offense with a mens rea of recklessness cannot qualify as a crime of violence. *Borden*, 593 U.S. at 425 n.2; *Carter*, 7 F.4th at 1045. Even so, this Court has also held that federal carjacking is a crime of violence under § 924(c)(3)(A), and that precedent remains binding. *Smith*, 829 F.3d at 1280; *Archer*, 531 F.3d at 1352. Further, even if Douglas's claim was not foreclosed by the prior-panel-precedent

rule, the mens rea for federal carjacking is not recklessness, as it requires intent to kill or cause serious bodily injury, and, thus, *Borden* would still not support his claim. *Holloway*, 526 U.S. at 12; *Ovalles*, 905 F.3d at 1304. Thus, the district court did not plainly err when Douglas was convicted and sentenced for carjacking and brandishing a firearm during a crime of violence.

## II

We review the reasonableness of a sentence for abuse of discretion. *United States v. Williams,* 526 F.3d 1312, 1321–22 (11th Cir. 2008). The party challenging a sentence bears the burden of showing that the sentence is unreasonable. *Id.* at 1322. Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect it to be. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

On substantive-reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1189. We consider whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a)

factors. *Williams*, 526 F.3d at 1322. The district court is required to evaluate all of the § 3553(a) factors, but the weight given to each factor is within the sound discretion of the district court. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272–73 (11th Cir. 2014).

The district court does not have to give all of the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). However, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The district court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

The factors the district court is to consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford specific and general deterrence; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). While the district court should consider and properly calculate the advisory guidelines range, it is permitted to give greater weight to other 18 U.S.C. § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1259. The district court may also "consider facts that were taken into account when formulating the guideline range for

the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

One of the purposes of the Guidelines is to provide certainty and fairness in sentencing, and "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation marks omitted). Although we have never specified the defendant's burden in these contexts, we have stated that the district court is required to avoid the unwarranted disparities between similarly situated defendants, indicating that the court should be aware of any potential for this issue at sentencing. *See id.* at 1101–02.

Here, the district court did not impose a substantively unreasonable sentence because, based on the totality of the circumstances, the court properly weighed all of the 18 U.S.C. § 3553(a) factors. First, it imposed a sentence within the advisory guidelines for count one. *Hunt*, 526 F.3d at 746. Douglas's sentence for count one was 79 months—which was below the 15-year maximum term—and his sentence for count two of 84 months was well below the statutory maximum of life. *Croteau*, 819 F.3d at 1310. Second, the court properly considered the impact that the incident had on Douglas' victim, S.W.—including that S.W. is now unemployed, suffers from PTSD, and cannot see out of his left eye.

The court correctly noted that S.W. was trying to be kind by offering Douglas a ride home and that Douglas responded by hitting S.W. and stealing his car. And it also considered evidence from

the PSI that showed that Douglas attempted to use S.W.'s credit cards to purchase jewelry days after the crime. What's more, the court properly considered Douglas's criminal history including his unscored criminal history—as well his personal history, noting that Douglas grew up in a broken home and that his life experience was "pretty bad."

There is no evidence from the sentencing transcript that Douglas ever argued that his carjacking was not a typical carjacking or that he was not a typical offender. Additionally, Douglas did not point to any similarly situated defendants who received a below guidelines sentence. *Docampo*, 573 F.3d at 1101. Specifically, he didn't point to a defendant with a similar criminal history and/or similar facts surrounding their carjacking.

In sum, then, the court's sentence is substantively reasonable because the court properly weighed the 18 U.S.C. § 3553(a) factors when it determined that Douglas should receive a guidelines sentence as his victim is left permanently blind in his left eye.

### III

Where a defendant challenges a sentence as procedurally error-based on the adequacy of the district court's explanation, we review de novo, even in the absence of a timely objection at sentencing. *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023).

While a district court must consider the 18 U.S.C. § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *United*

*States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). An acknowledgment by the district court that it has considered the 18 U.S.C. § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Ultimately, the court must explain the sentence with enough detail to satisfy the appellate court that it has considered the arguments of the parties and has a reasoned basis for its decision. *Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, the court did not commit procedural error because it *did* consider Douglas's rough childhood, his mental health and addiction struggles, his criminal conduct, and his remorse for his actions. Indeed, all the court had to do to demonstrate that it considered the 18 U.S.C. § 3553(a) factors was to explicitly assert that it had done so. *Turner*, 474 F.3d at 1281. The court properly made this assertion, and it correctly explained that the sentence it imposed was to promote respect for the law and deter Douglas from future conduct.

Additionally, as already explained, Douglas did not argue before the court at sentencing that his case was not a typical carjacking case. Therefore, the court did not err when it did not discuss it in its explanation of Douglas's sentence. Thus, the court's explanation is sufficiently compelling and provides enough detail that shows that the court considered the parties' arguments. *Rita*, 551 U.S. at 356.

**AFFIRMED.**